GEORGE A. ARNOLD *et al.,* Appellants, *vs.* FERDINAND SMITH, Administrator.

Courts of probate in settling an administration account ought not to include the payment of legacies or the distribution of the surplus.

They should merely adjudicate charges against the estate arising from the payment of the decedent's debts, statutory allowances to the widow, &c., funeral expenses, and expenses of administration. In cases of intestacy, but not in cases of testacy, they should then make an order of distribution of the surplus found, if any, and here their jurisdiction properly ends.

APPEAL from the Municipal Court [1] of Providence.

*July* 7, 1883. DURFEE, C. J. This is an appeal from a de-

———

[1] This court has probate jurisdiction in Providence.

cree of the Municipal Court of the city of Providence allowing the account of Ferdinand Smith as administrator with the will annexed on the estate of the late Thomas Maguire deceased.  The appellants object to certain charges in the account for money paid for legacies, and also to the allowance to the administrator for his services as excessive.  The objection to the charges for legacies is that there was fraud practised on the legatees, and that the payments were not properly made.  We think it is not any part of the duty of courts of probate in this State to superintend the execution of wills and determine whether legacies are duly paid or not, and that, therefore, the charges should be stricken out of the account. · The settlement of an administration account involves simply the adjudication of charges against the estate arising from the payment of liabilities incurred, by the decedent in his lifetime, or of allowances to the widow, &c., under the statute, or of funeral expenses and the expenses of administration.  The settlement so made when completed will show the surplus of assets, if any, which remains for division to the distributees under the order of distribution if the estate is intestate, or for division under the will if the estate is testate.  It is the duty of the court, if the estate is intestate, to make the order of distribution ; but, if the estate is testate, the court has no further duty, after the surplus has been definitely ascertained, and it ought to leave the executor or administrator to account for the surplus under the will and according to law, to be enforced by other tribunals.  The practice of allowing for legacies paid in the account is, to say the least, irregular, and ought to be discontinued.  Questions in regard to legacies depend on the construction of the wills which bequeath them, and are sometimes difficult to decide, and, whether difficult or easy, the courts of probate should not undertake to decide them.  In *Cowdin* v. *Perry*, 11 Pick. 503, a contingent legacy was paid before the contingency on which it was to be paid, to wit: the arrival of the legatee at full age, happened, and was allowed in the administration account.  The legatee died under age, and the persons to whom the legacy was given over ·in that event sued the executors for it and recovered, the Supreme Judicial Court of Massachusetts holding that the allowance by the Probate Court was not only irregular or erroneous, but void for want of jurisdiction.  And so

in *Granger* v. *Bassett,* 98 Mass. 462, 469, it was held that the payments to residuary legatees of a residue by an executor were not allowable in his account. " The relative rights of the legatees," say the court, " and other questions affecting such distribution, cannot properly be heard upon the settlement of the executor's account. For the same reason the executor should not be allowed for their payment in his account, as the effect of such allowance, if any effect can be given to it, would be to prejudice the rights of those who claim a larger share than had been paid them." And see *Municipal Court of Providence* v. *Henry,* 11 R. I. 563.

The charge allowed for services was $2,000, which we think was excessive. We reduce it to $1,500. Let the account be made up accordingly.

*E. K. Seguine & Amasa M. Eaton,* for appellants.

*Francis Colwell & Walter H. Barney,* for appellees.